Oscar H. Sampson *et al.*, in equity, *vs.* Hannah Alexander *et al.*

Waldo. Decided December 20, 1877.

*Equity.*

The legal title to land was in the defendant wife, and the equitable interest in the plaintiffs, except a portion of a certain value to be assigned to her by a master. *Held,* that the barn erected on the premises in controversy, during the pendency of the suit, became a part of the realty, and, it not appearing that it was erected by the wife, was properly included in the appraisal by the master, of the premises set off to the plaintiffs.

On exceptions.

Bill in equity, stated in 66 Maine, 182, wherein the complainants claimed certain real estate possessed by one of the respondents; and the decree of the court was as follows:

" Bill sustained with costs. A master to be appointed who shall assign and set off to Hannah Alexander a portion of the premises described in the bill, of the value of $275; the balance of the estate or so much of it as will be equal in value to the sum due upon the judgment to be by the master appraised and set off to the complainants; a suitable conveyance from the respondents to the complainants to be made, unless an amount equivalent to the amount of the appraisal shall be paid to the complainants or secured to them by the respondents upon such terms as a single judge may settle, when the master's report comes in."

Whereupon N. H. Hubbard was appointed master, and at the January term, 1877, he filed a report stating that he had set off to Hannah Alexander three parcels of land valued at $275, and concluding as follows:

" The value of the balance of the premises described in the complainants' bill is $1500; the amount of the complainants' debt, on the first day of November, A. D. 1876, is $3151.95. I have therefore set off to the said complainants the whole of the balance. I have included in the value of the balance of the premises not set off to Hannah Alexander a barn built upon the premises by the respondents since the filing of the complainants' bill, the value of which barn I find to be $300, and submit

the question of the ownership of the barn to the court. If, in the opinion of the court, the complainants do not own the barn, then I report the balance of the premises described in the complainants' bill not assigned and set off to Hannah Alexander to be $1200."

Whereupon the presiding justice ordered that the report be accepted and that the ownership of the barn be adjudged to be in the complainants, and the amount equivalent to the amount of the appraisal to be paid or secured to complainants, within thirty days from the adjournment of the court; and the defendants alleged exceptions.

*W. H. Fogler*, with *W. P. Harriman*, for the defendants.

*J. Williamson*, for the plaintiffs.

LIBBEY, J. The barn erected by the respondent, on the premises in controversy, during the pendency of the suit, became a part of the realty. *Bonney* v. *Foss*, 62 Maine, 248. It does not appear that it was erected by the wife. It was properly included in the appraisal, by the master, of the premises set off to the complainants. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.